UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BERNARD GELB,

                Plaintiff,

        v.                            **MEMORANDUM AND ORDER**
                                                22-CV-2601 (RPK) (LB)

PRESTON NIBLACK, *individually and in his official capacity as Commissioner of the New York City Department of Finance*; and NEW YORK CITY DEPARTMENT OF FINANCE,

                Defendants.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      In this lawsuit, plaintiff challenges as unconstitutional New York City Department of Finance ("DOF") policies governing cancellation of undeposited tax refund checks, Compl. ¶¶ 20–21, 43–53 (Dkt. #1), and challenges on constitutional and state-law grounds DOF's asserted failure to comply with New York's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. §§ 84–90, *see* Compl. ¶¶ 54–59. I dismissed plaintiff's original complaint. Plaintiff has now filed an amended complaint that brings the same basic claims that plaintiff pressed previously, *compare* Am. Compl. ¶¶ 72–92 (Dkt. #24), *with* Compl. ¶¶ 43–63, while adding DOF as a defendant in addition to DOF Commissioner Preston Niblack, Am. Compl. ¶ 12. Defendants have moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot. to Dismiss (Dkt. #33). Defendants' motion is granted because the amended complaint is deficient for substantially the same reasons as the original complaint.

      First, plaintiff lacks Article III standing to bring his constitutional challenges to DOF's policies governing cancellation of undeposited refund checks, for the reasons described in the memorandum and order dismissing plaintiff's original complaint. *See* Mem. & Order 4–8 (Dkt. #23). Plaintiff does not allege that he was ever entitled to a refund from DOF, that DOF issued

him a refund check, or that DOF canceled a refund check owed to him. *See generally* Am. Compl. Instead, plaintiff seeks to assert the constitutional claims of check recipients who are not parties to this lawsuit. *See, e.g.*, Am. Compl. ¶ 74. But plaintiff has not plausibly alleged "a close relationship" to DOF check recipients such that he may assert third-party standing. *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 41 (2d Cir. 2015) (quoting *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015)); *see also Fenstermaker v. Obama*, 354 F. App'x 452, 455 (2d Cir. 2009). Plaintiff's allegation that he seeks to "develop a business relationship" with the check recipients, Am. Compl. ¶ 70, is not sufficient because hypothetical client relationships have limited value as a basis for third-party standing. *See* Mem. & Order 6; *Kowalski v. Tesmer*, 543 U.S. 125, 131 (2004); *see also, e.g.*, *Highview Props. D.H.F. Inc. v. Town of Monroe*, 606 F. Supp. 3d 5, 20 (S.D.N.Y. 2022); *BMG Monroe I, LLC v. Village of Monroe*, No. 20-CV-1357 (NSR), 2022 WL 1094538, at *9 (S.D.N.Y. Apr. 12, 2022).

In addition, plaintiff has failed to state an equal protection claim related to DOF's response to his FOIL request. *See* Am. Compl. ¶ 92. Even when applying the liberal construction appropriate for *pro se* pleadings, plaintiff does not adequately plead an equal protection claim relating to DOF's FOIL response because he has not plausibly alleged "that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005); *see, e.g.*, *Quinones v. New York City*, No. 19-CV-5400, 2022 WL 4787402, at *1 (S.D.N.Y. Oct. 3, 2022) (dismissing equal protection claims of *pro se* plaintiff whose allegations of differential treatment were "conclusory"); *Harris v. Nassau County*, No. 13-CV-4728 (NGG) (ST), 2016 WL 3023265, at *6 (E.D.N.Y. May 24, 2016) (same); *Schuler v. Bd. of Educ. of Cent. Islip Union Free Sch. Dist.*, No. 96-CV-4702 (JG), 2000 WL 134346, at *7 (E.D.N.Y. Feb. 1, 2000) (same).

To the extent that plaintiff alleges that the denial of his FOIL request denied him of property without due process, *see* Am. Compl. ¶ 89, that claim is dismissed for the reasons set forth with respect to the due process claim in the original complaint. *See* Mem. & Order 9–11. Specifically, plaintiff has not plausibly alleged that the denial of his FOIL request deprived him of a constitutionally recognized property interest. *Id.* at 10–11.

Having dismissed plaintiff's federal claims, I decline to retain jurisdiction over plaintiff's state-law FOIL claim. *See* 28 U.S.C. § 1367(3). Four factors bear on whether the exercise of supplemental jurisdiction is appropriate: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). Generally, where "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *see Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006). Plaintiff has not provided a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed. Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's claim that DOF's rejection of his request in part violated its obligations under New York's FOIL.

Because the amended complaint is dismissed, plaintiff's motion for summary judgment is denied as moot.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is granted. Leave to amend is denied because it appears that granting further "leave to amend is unlikely to be productive," *Ruffolo v.*

*Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), since plaintiff's amended complaint failed to correct the pleading deficiencies in the original complaint.  Plaintiff's motion for summary judgment is denied as moot.  The Clerk of Court is respectfully directed to enter judgment and close this case.

      SO ORDERED.

                                                  */s/ Rachel Kovner*
                                                  RACHEL P. KOVNER
                                                  United States District Judge

Dated: August 12, 2024
       Brooklyn, New York